[Cite as *State v. Horn*, 2011-Ohio-2168.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2010 CA 0078 |
| ANDRIAN DERRELL HORN | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. 2009 CR 0713B


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 3, 2011


APPEARANCES:

For Plaintiff-Appellee

JAMES J. MAYER
PROSECUTING ATTORNEY
KIRSTEN L. PSCHOLKA-GARTNER
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

CHARLES M. BROWN
76 North Mulberry Street
Mansfield, Ohio 44902

*Wise, J.*

{¶1} Appellant Adrian Derrell Horn appeals his conviction and sentence entered in the Richland County Court of Common Pleas on one count of murder with a firearm specification.

{¶2} Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} Appellant Adrian Derrell Horn was indicted by the Richland County Grand Jury for one count of purposeful murder in violation of R.C. §2903.02(A), and one count of felony murder in violation of R.C. §2903.02(B). Both counts contained firearm specifications.

{¶4} Appellant's trial was held May 17-21, 2010. At trial, the State presented nine witnesses. According to these witnesses, the relevant facts are as follows:

{¶5} In the early morning hours of July 7, 2009, Kevin "Kunka" Moses went to 424 West Fifth Street in Mansfield, Ohio, to visit his friend, Adrian Horn (hereinafter "Appellant"). When he entered the residence, Moses saw Appellant beating up on his girlfriend, Amy Wagoner, and intervened. (T. at 240-241). Appellant and Moses then got into a heated argument. The argument spilled outside the house, waking up Carmen Jones, who was sleeping in the attic of her residence at 168 Penn Avenue. (T. at 389-341). It was also heard by Pam Richardson and her daughter Ta'neesha Wright, family friends of Moses, who lived at 169 Penn Avenue. (T. at 241-243, 281-285).

{¶6} Appellant was yelling at Moses to mind his own business, stating "That's my bitch and I can do whatever the fuck I want to do with her." (T. at 241, 283-284). Moses told Appellant that he needed to be quiet or the neighbors would call the police.

Appellant responded that he "didn't give a fuck about the police." (T. at 241-242, 284-285). He told Moses that he had a red wife beater and a black hat on, so the police could find him and do whatever they want to do. (T. at 485).

{¶7}    At one point during the argument Appellant threatened to "beat [Moses'] ass." (T. at 242). Moses responded "[w]ell, you might want to beat up on your bitch, because you ain't going to do shit to me." (T. at 242). Appellant then put his hand in his pants pocket and acted like he was pulling out a gun. Pointing his fingers like a gun, he chased Moses around Amy Wagoner's black Chevy Cavalier which was parked on the street. (T. at 287-288, 342-343). When Moses realized Appellant did not in fact have a gun, Appellant began to mock him, stating "Bitch ass, I told you you was scared of me." (T. at 288, 343). In response, Moses told Appellant that if he wanted to fight, they could settle it with a fist fight. (T. at 289, 343).

{¶8}    Instead of engaging in a fight with Moses, Appellant started walking down Fifth Street. Ta'neesha Wright, who had walked down the street with Derrell Braggs to see what was going on, convinced Moses to come back to her mother's house at 169 Penn Avenue. (T. at 290-291). At that point, Moses thought the argument was over.

{¶9}    Carmen Jones testified that she watched from her attic window as Appellant walked over to a car, opened the door, bent down and appeared to get something out of the car. (T. at 344-348). Appellant then began following Moses down Penn Avenue, yelling taunts across the street and saying that Moses owed him money. (T. at 243, 292-293). Moses responded by again challenging Appellant to a fist fight. (T. at 243-244).

{¶10} Appellant stayed across the street, stopping at the stop sign across the street from Pam Richardson's house and talking on his cell phone. (T. at 245, 293-294). At that point, Moses told the people who had gathered on Pam Richardson's porch that Appellant wasn't going to do anything. (T. at 245, 295-296). Moses then said "watch this," took his shirt off, and skipped across the street toward Appellant. (T. at 245-246, 296).

{¶11} When Moses reached Appellant, Appellant pulled out a small, black semi-automatic handgun, and pointed it at Moses, telling him that he had two seconds to get away from him. He then quickly counted off one, two, and fired a shot. (T. at 247-248, 296-299). That shot struck Moses in the center of his chest. (T. at 256). After the initial gunshot, Devonte Evans ran over and grabbed Appellant's arm in an attempt to wrestle the gun away. During the struggle, the gun went off a second time, striking Moses in the buttocks. (T. at 590).

{¶12} Despite his wounds, Moses was able to run across the street, jump the porch banister, and run into the kitchen area of Pam Richardson's house. (T. at 300). Once inside, he told Pam Richardson and Ta'neesha Wright to call 911 because he was dying. He then collapsed on the floor and lost consciousness. (T. at 250-251, 300-302). By the time paramedics arrived, Moses was unresponsive and was gasping for breath. (T. at 222-223). He was rushed to Mansfield Med Central Hospital where he died. (T. at 224-230).

{¶13} At the conclusion of the State's case, a discussion was held outside the presence of the jury regarding Appellant's desire to call two witnesses, Antonio Jones and Dontez Horn, who would testify that the victim, Kevin Moses, pointed a gun at

Appellant and others at a birthday party on March 16, 2009. After hearing arguments from both sides, the trial court excluded those witnesses, finding that their testimony was improper character evidence and was not relevant to the voluntary manslaughter claim raised by the defense.

{¶14} Thereafter, Appellant took the stand in his own defense, testifying that when he shot Kevin Moses, he was afraid for his life.

{¶15} After hearing all of the evidence and arguments, the jury found Appellant guilty of both counts and firearm specifications contained in the indictment.

{¶16} The trial court sentenced Appellant to fifteen (15) years to life for the murder charge and three years consecutive on the firearm specification for a total sentence of eighteen years to life. The court also imposed a mandatory term of five years post-release control.

{¶17} Appellant now appeals to this Court, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶18} "I. THE TRIAL COURT COMMITTED PLAIN AND PREJUDICIAL ERROR BY DENYING THE DEFENDANT APPELLANT HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND SECTION XVI, ARTICLE I OF THE OHIO CONSTITUTION.

{¶19} "II. DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AS WELL AS THE DUE PROCESS PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE

UNITED STATES CONSTITUTION, AND IN ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

**I.**

**{¶20}** In his first assignment of error, Appellant claims that the trial court erred in excluding the testimony of two of Appellant's witnesses. We disagree.

**{¶21}** Evidence Rule 404(B) states as follows:

**{¶22}** "(B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

**{¶23}** Appellant herein is claiming that under Evid.R. 404(B), the testimony of Antonio Jones and Dontez Horn should have been allowed for "purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Appellant's Brief at 9).

**{¶24}** Appellant further argues that to allow him to testify but deny his witnesses' testimony violated his due process rights.

**{¶25}** Initially, we note that the admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶26} Upon review, we do not find that the trial court erred in not allowing such testimony. The testimony of these witnesses would have been as to something which may have transpired four months prior to the events in this case. We find that any such evidence would be irrelevant to a charge of voluntary manslaughter, which is what the defense was asserting at trial. R.C. §2903.03, defines voluntary manslaughter as knowingly causing the death of another "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force."

{¶27} In this case, we cannot find that an event which happened four months earlier constituted serious provocation.

{¶28} Even if Appellant's own testimony was viewed as a claim of self-defense, we find that because the trial court did allow Appellant to testify as to the victim's actions on March 16, 2009, and that any further testimony would have only been cumulative.

{¶29} Based on the foregoing, we find Appellant's first assignment of error not well-taken and hereby overrule same.

**II.**

{¶30} In his second assignment of error, Appellant claims that he was denied the effective assistance of counsel. We disagree.

{¶31} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong is whether Appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 122

L .Ed.2d 180; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

**{¶32}** In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley,* 42 Ohio St.3d at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. *Id.*

**{¶33}** In order to warrant a reversal, Appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial; a trial whose result is reliable. *Strickland* 466 U.S. at 687, 694, 104 S.Ct. at 2064; 2068. The burden is upon the defendant to demonstrate that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.; Bradley,* supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* supra; *Bradley,* supra.

**{¶34}** Appellant asserts trial counsel was ineffective for failing to object to lay witness giving their opinion as to what they saw and/or heard.  Appellant also argues that his counsel failed to object to improper argument by the prosecutor.

**{¶35}** Evid.R. 701 provides: "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

{¶36} Appellant argues that Pam Richardson's characterization as to what the decedent meant when he said "fighting" or "let's fight it up" was based merely on conjecture and was not helpful to the jury.

{¶37} Upon review, we find that Ms. Richardson's testimony was not improper under Evid.R. 701, as she testified that she had known the victim for approximately thirteen years and that he was a friend of the family and would visit their house often. (T. at 235-236). She further testified that she had never seen the victim with a gun and that he did not have a reputation for carrying a gun. (T. at 236).

{¶38} Based on the foregoing, and Ms. Richardson's observations on the night in question, we find her opinion to be admissible under Evid.R. 701. We therefore find Appellant's counsel's performance was not deficient.

{¶39} Appellant also argues that the state made inappropriate comments during closing arguments alluding to self-defense and why the jurors should not find such, to which his trial counsel failed to object.

{¶40} Parties are given wide latitude when making their closing arguments. *State v. Hand,* 107 Ohio St.3d 378, 397, 2006-Ohio-18, citing *Lott.* The state can summarize the evidence and draw conclusions as to what the evidence shows. *Id.* at 165. However, the prosecution must avoid insinuations and assertions that are calculated to mislead the jury. *State v. Smith* (1984), 14 Ohio St.3d 13, 14. Prosecutors also may not render their personal beliefs regarding the guilt of the accused. *Id.* Nevertheless, since isolated instances of prosecutorial misconduct are usually harmless, any alleged misconduct in the closing argument must be viewed within the

context of the entire trial to determine if any prejudice has occurred. See *State v. Lorraine* (1993), 66 Ohio St.3d 414, 420.

{¶41} In closing arguments, the prosecutor addressed self-defense, although it had not been specifically raised by Appellant because Appellant's own testimony was that he was scared and feared for his life. (T. at 587). He further testified that when Moses approached him on the street he "was feeling that [the victim] was going to do something to me. Then the rest of them was going to do something to me. I didn't owe nothing to nobody. I was there all by myself. They was all against me." (T. at 588).

{¶42} He further testified that when he shot Moses he did not want to hurt him but he was scared. (T. at 592-593).

{¶43} Based on the testimony of Appellant, we do not find the prosecutor's statements in contravention of self-defense to be improper.

{¶44} Additionally, we further find that counsel's failure to object to such statements, had they in fact been improper, was not ineffective in that "a reasonable attorney may decide not to interrupt his opponent's closing argument. *State v. Keene [ ],* 81 Ohio St.3d 646, 668, [1998-Ohio-342,] 693 N.E.2d 246. Objections can " 'disrupt the flow of a trial' " and " 'are considered technical and bothersome by the fact-finder.' " A decision not to interrupt during closing arguments reflects an 'objective standard of reasonable representation.' " (Internal citations omitted.) *State v. Myers,* 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 154.

**{¶45}** Appellant's second assignment of error is denied.

**{¶46}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0419

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
ANDRIAN DERRELL HORN                   :
                                       :
    Defendant-Appellant                :          Case No. 2010 CA 0078


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____
                    JUDGES